

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 22, 1991

Honorable Marcus D. Taylor
Criminal District Attorney
Wood County
P. O. Box 689
Quitman, Texas 75783

Opinion No. DM-4

Re: Whether a county may make a purchase in excess of $10,000 without competitive bids if, after advertising, no bids are received (RQ-2187)

Dear Mr. Taylor:

You have requested our opinion on questions relating to the following set of facts:

> On August 22 and August 29, 1990, Wood County commissioners advertised for bids for a dump truck for the Precinct 4 Road and Bridge Department. The specifications (which were identical to specifications previously used where bids were obtained and trucks purchased) were mailed to ten potential bidders, as well as publicly advertised as required by law. On September 10, 1990, the date of the bid opening, no bids were received.

You state that the cost of the truck will exceed $10,000, thereby bringing the purchase within the County Purchasing Act, sections 262.022 through 262.035 of the Local Government Code. You also stipulate that none of the exceptions to competitive bidding provided in the act apply to the purchase of the dump truck.

You ask whether the county in these circumstances may negotiate directly with a vendor for the purchase of the dump truck or whether it must readvertise for bids. If it must readvertise, you also ask how many times it is required to do so. We conclude that the county must readvertise for contract bids in accordance with the terms of the County Purchasing Act. We further advise that the County Purchasing Act imposes no limit on the number of times that a county may be required to advertise for bids on a single contract.

The County Purchasing Act provides the following in pertinent part:

> Before a county may purchase one or more items under a contract that will require an expenditure exceeding $10,000, the commissioners court of the county must comply with the competitive bidding or competitive proposal procedures prescribed by this subchapter.   All bids or proposals must be sealed.[1]

Local Gov't Code § 262.023(a).   Competitive bids or proposals are required only for contracts paid from current funds, with bond funds, or through the issuance of time warrants. Id. § 262.023(b).

The County Purchasing Act prescribes specific procedures governing the notice of competitive bidding for a particular contract, the opening of bids, and the awarding of contracts pursuant to competitive bidding.  See id. §§ 262.025; 262.026; 262.027; 262.0275. Notice of a proposed purchase of $10,000 or more must either be published in a newspaper of general circulation in the county or, if there is no such publication in the county, posted in the courthouse in the manner specified in the act.  Id. § 262.025(a).  The notice must contain certain information, including specifications describing the item to be purchased (or a statement informing bidders where specifications may be obtained), the time and place for receiving and opening bids, the name and position of the person to whom bids must be sent, the method of payment, and the type of bond required of the bidder.  Id. § 262.025(b).

Following the opening of bids, the commissioners court is required to

> (1) award the contract to the responsible bidder who submits the lowest and best bid; or

> (2) reject all bids and publish a new notice.

---

[1]    Competitive proposal procedures, which authorize a county to negotiate with vendors after the opening of proposals submitted at the county's request, are generally available only for insurance and high technology procurements.  See Local Gov't Code § 262.030.  The legislature recently amended the County Purchasing Act to allow a county with a population of more than 125,000 to employ competitive proposal procedures if "the county official who makes purchases for the county determines that it is impractical to prepare detailed specifications for an item to support the award of a purchase contract," and the commissioners court concurs in this determination by making a similar finding. Id. § 262.0295.  According to 1980 census figures (the most recent available), Wood County has a population of just under 25,000 persons.

Id. § 262.027(a). The act makes special provision for the awarding of a contract when two responsible bidders submit the lowest and best bid, id. § 262.027(b), (c), but it does not provide alternative procedures when, as in this instance, no bids are submitted.[2] Compare 1 T.A.C. § 113.6(c)(2)(D) (regulation promulgated by State Purchasing & General Services Commission authorizing negotiations with vendors when advertisement results in submission of no bids).

Therefore, we believe the county is required in this instance to commence a new round of bidding by republishing notice of the purchase in accordance with the terms of the act. As noted, the purchasing act itself supplies no alternative procedures in this instance. Also, while the statute does not directly address the problem you describe, there is evidence to suggest that the legislature intends counties to readvertise for bids on a contract when the initial advertisement yields no bids.

The clearest indicator of this intent is section 262.027(a)(2), quoted above, which describes the county's options when it is determined that all bids are inadequate or unresponsive. In these circumstances, the commissioners court is authorized to reject all bids, but it is not free to enter into direct negotiations with vendors for the purchase of an item. Instead, it must publish new notice, which in turn triggers the other competitive bidding procedures of the act. See also Local Gov't Code § 262.024(d) (procedures for the purchase of food items otherwise exempted from competitive bidding).

In addition, the legislature has specified those occasions on which a departure from competitive bidding is permitted. See Local Gov't Code §§ 262.011(a) (in counties of less than 20,000 population without a purchasing agent, commissioners court may dispense with competitive bidding for contracts exceeding $15,000 when it publicly finds such "to be in the public interest"); 262.024 (exceptions to competitive bidding); 262.0295 (alternative multistep competitive proposal procedures for counties with population of 125,000 or more); 262.030 (competitive proposal procedure for insurance and high technology items). It is well established that when the legislature has enacted exceptions to a statute, the statute will be held to apply in all cases not expressly excepted. See State v. Richards, 301 S.W.2d 597 (Tex. 1957). To permit the county in this instance to avoid its obligation to award contracts on the basis of sealed competitive bids would be to effectively create a new exception to the purchasing act. Accordingly, in answer to your first question we conclude that a county must readvertise for bids on a contract subject to competitive bidding under

---

[2]    For that matter, the County Purchasing Act does not expressly address the submission of identical low bids by more than two responsible bidders.

the County Purchasing Act when the initial advertisement results in the submission of no bids for the contract.

You next ask the number of times the county must readvertise for bids on a contract for which no bids are received. Again, the purchasing act neither anticipates nor offers alternatives for this contingency, and the county thus has no recourse but to comply with the terms of the act.

Moreover, the statute provides for exceptions to the competitive bidding process in certain circumstances. For example, if the dump truck is needed to avert the consequences of a genuine public calamity, the county may purchase the truck without resort to competitive bidding. Id. § 262.024(a)(1). The same will hold true if the purchase is necessary to preserve the public health or safety of county residents, or if it is required because of unforeseen damage to public property. Id. § 262.024(a)(2), (3). Such outcomes will, of course, depend on the facts of the case and the exercise of sound discretion by the commissioners court. Finally, it should be noted that the county may also purchase items of personal property from a political subdivision of this state, a state agency, or an entity of the federal government without resort to competitive bidding. Id. § 262.024(a)(8)(C).

## SUMMARY

A county must readvertise for bids on a contract subject to the County Purchasing Act, Local Government Code sections 262.022 through 262.035, when the initial advertisement results in the submission of no bids for the contract. The County Purchasing Act imposes no limit on the number of times a county may be required to advertise for bids in such instances.

Very truly yours,

Don Morales

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

SUSAN GARRISON
Acting Chairman, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General